Case 2:13-cr-00983   Document 27   Filed in TXSD on 03/14/17   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-983 |
| | § | |
| JOHN HENRY JIMENEZ | § | |

# **ORDER**

Pending before the Court is Defendant John Henry Jimenez's letter motion seeking a Court order for sentence credit (D.E. 26).

Defendant was arrested by state authorities on July 19, 2013; released on bond on July 31, 2013; arrested on a state bond violation on November 15, 2013; and finally writted into federal custody on December 4, 2013. Presentence Report, D.E. 19, p. 1. On April 10, 2014, he was sentenced by this Court to 77 months' imprisonment in the Bureau of Prisons (BOP) after pleading guilty to being a felon in possession of a firearm. Judgment, D.E. 23. As part of its Judgment, the Court made a recommendation to the BOP "[t]hat the defendant receive credit for the state custody in this case, as noted on the cover of the presentence report." *Id.*, p. 2.

Defendant now complains that the BOP refuses to give him credit for the time he spent in state custody before he was writted into federal custody. He moves the Court to order the BOP to give him the credit the Court previously recommended.

The BOP is responsible for calculating sentencing credit. While the Court may make a recommendation regarding credit, this recommendation is not binding on the BOP. Moreover, the proper vehicle for challenging the BOP's calculation of sentencing

credit is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 503 28 C.F.R. §§ 542.10 –542.16 and collecting cases). Defendant states that he has spoken to his prison case manager regarding the BOP's alleged miscalculation of his sentence, but he does not indicate that he has exhausted his administrative remedies.

Finally, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated in Forrest City, Arkansas, which is located in the Eastern District of Arkansas. Assuming Defendant remains incarcerated in Forrest City, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

For the foregoing reasons, Defendant's letter motion (D.E. 26) is **DENIED**.

ORDERED this 14th day of March, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE